UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES
OF AMERICA,

               Respondent,               CRIMINAL ACTION NO. 06-CR-20676-2
                                         CIVIL ACTION NO. 10-CV-13745
   vs.

                                         DISTRICT JUDGE PAUL D. BORMAN

KEVIN SMITH,                       MAGISTRATE JUDGE MONA K. MAJZOUB

               Petitioner.

_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**:  This Court recommends that the Petition for Federal Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (docket no. 143) be **DENIED**.

**II.**    **REPORT**:

       This matter is before the Court on Petitioner Kevin Smith's Petition for Federal Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255.  (Docket no. 143).  The United States filed a response. (Docket no. 156).  Petitioner filed a reply.  (Docket no. 160).  This matter has been referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(B).  (Docket no. 145).  Because the record in this case conclusively shows that Petitioner is not entitled to relief under 28 U.S.C. § 2255, an evidentiary hearing is not required to resolve the merits of this action.  28 U.S.C. § 2255(b).  The Court is now ready to rule.

**A.**    **Facts and Procedural History**

       Petitioner is an inmate at the Federal Correctional Institute Gilmer in Glenville, West Virginia, where he is serving a sentence of 262 months for possession with intent to distribute more

than 50 grams of cocaine base and more than 500 grams of cocaine in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting in doing the same in violation of 18 U.S.C. § 2.  Petitioner filed the instant Petition for Writ of Habeas Corpus challenging his conviction and sentence pursuant to 28 U.S.C. § 2255.  The Court will construe the Petition as a Motion to Vacate Sentence and Conviction under 28 U.S.C. § 2255.  *See In re Gregory*, 181 F.3d 713, 714 (6th Cir.1999).

Petitioner was one of two defendants arrested on December 6, 2006 after federal agents executed a search warrant for a house on Pinehurst in Detroit and found Petitioner present inside the house with approximately 38 grams of crack cocaine, 434 grams of powder cocaine, handguns, a scale, narcotics packaging, and other narcotics paraphernalia.  Immediately prior to the search, agents observed Petitioner's co-defendant remove a duffel bag from the house and place the bag in the trunk of a car parked in front of the house.  The duffel bag contained approximately 244 grams of crack cocaine, 248 grams of powder cocaine, a loaded weapon, and additional narcotics packaging and paraphernalia.  In total, Petitioner and his co-defendant possessed and aided and abetted each other in possessing over 280 grams of crack cocaine and over 680 grams of powder cocaine.

Petitioner was charged in a first superseding indictment with felon in possession of a firearm (Count One); possession of more than 50 grams of cocaine base with intent to distribute, and aiding and abetting (Count Two); possession of more than 500 grams of cocaine with intent to distribute, and aiding and abetting (Count Three); and possession of a firearm in furtherance of a drug trafficking crime, and aiding and abetting (Count Four).  (Docket no 53)  On July 19, 2007 the government filed an information pursuant to 21 U.S.C. § 851 notifying Petitioner that it would rely on his four prior felony convictions to seek a penalty enhancement on Counts Two and Three of the

first superseding indictment. (Docket no. 51). The government later modified the information and agreed to rely on only one of the sentencing enhancements previously filed. (Docket no. 131). On July 23, 2007 Petitioner signed an acknowledgment indicating that he understood that he faced a mandatory life sentence on Count Two and a mandatory minimum sentence of twenty years on Count Three of the first superseding indictment. (Docket no. 55).

In November 2007 Petitioner's defense attorney filed under seal a Motion for Competency Evaluation based on his growing concern that Petitioner could not participate in his case and engage in meaningful discussions concerning a government plea agreement. (Docket no. 80). Based on that motion the Court entered an order allowing Dr. William Nixon to interview Petitioner at the Wayne County Jail. (Docket nos. 80, 81). Dr. Nixon interviewed Petitioner and concluded that he was not competent to stand trial and should be remanded to an inpatient forensic setting for medication of his condition until such time as he was deemed competent to stand trial. Based on Dr. Nixon's findings, Petitioner's defense attorney filed a Motion for Competency Hearing, requesting that the Court hold a hearing and enter an order to have Petitioner committed to the Bureau of Prisons under 18 U.S.C. § 4241(d). (Docket no. 80). The Court granted that motion and ordered Petitioner to be committed to the Bureau of Prisons for evaluation and treatment. (Docket no. 83).

Petitioner was evaluated and treated at the United States Center for Federal Prisoners in Springfield, Missouri from February 14, 2008 to February 6, 2009. Following psychological testing and a year of observation on the Mental Health Evaluation Unit, staff psychologist Dr. Christina Pietz concluded that Petitioner was purposely feigning a mental illness and he was competent to stand trial.

Thereafter defense counsel moved to adjourn a competency hearing scheduled for March 18,

3

2009 so that he could review Petitioner's Bureau of Prisons' medical record as well as the collateral material upon which Dr. Pietz based her conclusions. (Docket nos. 99, 102). The competency hearing was later adjourned to June 16, 2009 upon defense counsel's request to allow the defense expert additional time to review the material. (Docket nos. 109, 111, 115). Ultimately, the competency hearing was not held. Instead, on July 7, 2009 Petitioner pleaded guilty to Counts Two and Three of the first superseding indictment pursuant to a Rule 11 plea agreement. Petitioner was sentenced to 262 months imprisonment. He did not file an appeal.

**B.     Standard**

Petitioner moves to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. A petitioner who files a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 must demonstrate that there was an error of constitutional magnitude, the sentence was imposed outside the statutory limits, or there was an error of fact or law so fundamental as to render the entire proceeding invalid. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir.2001) (citation omitted). To prevail on a motion to vacate, set aside, or correct sentence alleging constitutional error, the petitioner must show that the error had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993).

**C.     Analysis**

Petitioner argues that the Court violated his Fifth Amendment right to due process (1) by failing to hold a competency hearing, (2) by accepting a guilty plea that was not knowing and voluntary because Petitioner was heavily sedated on medication during his plea hearing, (3) by failing to establish a factual basis for his plea in violation of Federal Rule of Criminal Procedure 11(b)(3), and (4) by applying a two-level sentence enhancement for obstruction of justice. (Docket

4

no. 143, brief at 4-17). Petitioner also claims that he was denied his Sixth Amendment right to effective assistance of counsel when defense counsel failed to pursue a competency hearing, failed to argue that Petitioner played a minor role in the offense, failed to object to the enhancement of his sentence for obstruction of justice, and encouraged him to plead guilty when he was innocent. (Docket no. 143, motion at 1-2 and brief at 17).

As an initial matter, Petitioner did not file an appeal of his conviction or sentence. Ordinarily, a petitioner is procedurally barred from raising claims in a § 2255 motion to which no contemporaneous objection was made or which were not presented on direct appeal. *Nagi v. United States*, 90 F.3d 130, 134 (6th Cir.1996); *Weinberger v. United States*, 268 F.3d at 351 (sentencing challenges not made on direct appeal are waived). In his Rule 11 plea agreement, Petitioner agreed to waive his right to appeal his conviction or sentence if the sentence imposed fell within the agreed upon guideline range of 262 to 327 months. (Docket nos. 124, 151). The plea agreement does not address waiver of Petitioner's right to collaterally challenge his conviction or sentence.

The government does not argue that Petitioner's claims are procedurally defaulted or waived. Claims that a guilty plea was not knowing and voluntary, or was the product of ineffective assistance of counsel generally cannot be waived. *See In re Acosta*, 480 F.3d 421, 422 (6th Cir.2007). Petitioner's claims in this motion go to the heart of whether his guilty plea was knowing, voluntary, and valid and includes claims that his plea was the product of ineffective assistance of counsel. Therefore, the Court will address the merits of Petitioner's claims.

## 1.    Competency Hearing

Petitioner argues that his plea is invalid and his conviction void because the Court failed to conduct a competency hearing pursuant to 18 U.S.C. § 4247(d). The United States Supreme Court

has recognized that "the criminal trial of an incompetent defendant violates due process." *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) (citations and internal quotation marks omitted). Challenges to mental competency raise issues of procedural and substantive due process. The court in *Hastings v. Yukins*, 194 F.Supp.2d 659 (E.D. Mich. 2002) described substantive and procedural competency claims as follows:

> Competency claims can raise issues of both substantive and procedural due process. A petitioner may make a procedural competency claim by alleging that the trial court failed to hold a competency hearing after the defendant's mental competency was put in issue. To prevail on the procedural claim, a petitioner must establish that the ... trial judge ignored facts which raised a "bona fide doubt" regarding petitioner's competency to stand trial.....A petitioner can make a substantive competency claim by alleging that he was, in fact, tried and convicted while mentally incompetent. A petitioner raising a substantive claim of incompetency is entitled to no presumption of incompetency and must demonstrate his or her incompetency by a preponderance of the evidence....To succeed in stating a substantive incompetency claim, a petitioner must present evidence that creates a "real, substantial, and legitimate doubt" as to his or her competency to stand trial....

*Id.* at 670-71 (internal citations omitted).

The test to determine a defendant's competency to enter a guilty plea is whether he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him." *Williams v. Bordenkircher,* 696 F.2d 464, 466 (6th Cir.1983) (citation and internal quotation marks omitted). " '[E]vidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial are all relevant in determining whether further inquiry is required...." *Owens v. Sowders*, 661 F.2d 584, 586 (6th Cir.1981) (quoting *Drope v. Missouri*, 420 U.S. 162, 180 (1975)).

As previously noted, after a year of evaluation, testing, and observation, the staff psychologist with the Bureau of Prisons concluded that Petitioner was competent to stand trial. The

6

transcript of the plea hearing reveals that during the plea colloquy Petitioner answered the Court's questions appropriately, was able to state his name and age, and indicated that he knew his attorney. Petitioner claimed to understand his constitutional rights and the rights that he was waiving by pleading guilty to the charged offenses. He indicated that he understood the consequences of his plea and the mandatory sentences he was subject to if he did not plead guilty. When prompted by the Court Petitioner was able to identify medications he was presently taking.

During the plea hearing the Court was reminded that Petitioner had been evaluated for competence and had been found competent. (Docket no. 151 at 6-7). After appropriate questioning the Court concluded that Petitioner was competent to enter a plea. Defense counsel affirmatively agreed with this conclusion, as did the government. No one objected at the hearing or raised any doubts as to Petitioner's present ability to consult with his lawyer and understand the proceedings against him.

Additionally, Petitioner's attorney made no further mention of the competency issue after he and his expert were granted additional time to review Petitioner's Bureau of Prisons' medical record. Therefore, it would not have been unreasonable for the Court to infer from counsel's silence that counsel no longer had doubts as to Petitioner's competence. *Owens v. Sowders*, 661 F.2d at 586 ("It seems highly unlikely that counsel sensitive to this issue would not have complained further had [Petitioner] been unable to understand the proceedings or participate in his defense. In this regard, the trial court could reasonably infer from counsel's silence that his doubts had been allayed, either by the report, by [Petitioner's] conduct, or by both.").

Petitioner has failed to show that the Court ignored facts which raised a bona fide doubt regarding Petitioner's competency to enter a plea. He has also failed to raise facts or present

evidence with his motion that create a real, substantial, and legitimate doubt as to his competency to enter a plea. The Court should find that Petitioner is not entitled to § 2255 relief on his competency claim.

**2.      Knowing and Voluntary Plea**

Next, Petitioner argues that his plea was not entered knowingly, intelligently, and voluntarily because he was under heavy sedation for mental illness at the time of the plea hearing. A guilty plea must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States,* 397 U.S. 742, 748 (1970). "A plea may be involuntary if the defendant does not understand the nature of the constitutional rights he is waiving, or unintelligent if the defendant does not understand the charge against him." *United States v. Johnson*, 22 F.3d 674, 682 (6th Cir.1994) (citation and internal quotation marks omitted).

As indicated above, the transcript of the plea hearing reveals that Petitioner informed the Court that he understood the nature of the charges against him, the constitutional rights he was waiving, and the consequences he was facing for the crimes charged. The Court questioned Petitioner about medications he was taking on the day of the plea. There is no indication that Petitioner's medications interfered with his ability to understand and participate in the proceedings. The record shows that Petitioner's plea was voluntary, knowing, and intelligent. Petitioner's § 2255 challenge based on a knowing, voluntary, and intelligent plea should be rejected.

**3.      Adequacy of the Factual Basis for the Plea**

Plaintiff next claims that the facts adduced during the plea hearing were insufficient to establish a factual basis for the underlying crimes. Specifically, Petitioner contends that he did not possess the requisite mens rea or guilty criminal mind to be charged with the crimes of possession

8

with intent to distribute." Instead, Petitioner contends that the record unequivocally establishes his innocence. (Docket no. 143, brief at 9-12).

Federal Rule of Criminal Procedure 11(b)(3) provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed.R.Crim.P. 11(b)(3). The Court is permitted to consider the entire record, including proceedings that occurred after the plea colloquy, in determining whether an adequate factual basis was established. *United States v. Mobley*, 618 F.3d 539, 545 (6th Cir.2010).

Petitioner pleaded guilty to Counts Two and Three of the first superseding indictment, which charged him with the crimes of possession with intent to distribute more than 50 grams of cocaine base and more than 500 grams of cocaine, and aiding and abetting the same. During the plea colloquy Petitioner stated that he believed he was guilty of the crimes because he had residue of cocaine on his hands when the ATF came to his house. (Docket no. 151 at 17). Petitioner stated that he was packaging over 500 grams of cocaine and knew that his co-defendant was going to sell it. (Docket no. 151 at 17-18). He also stated that he was helping someone distribute more than 50 grams of crack cocaine, and he knew that the crack cocaine was an illegal substance. (Docket no. 151 at 14-15).

The Court established a factual basis for Petitioner's guilty plea on Counts Two and Three. Furthermore, even if the factual basis was not sufficient, Petitioner has not shown that there was a reasonable probability that but for the Court's error during the plea colloquy he would not have pleaded guilty to Counts Two and Three. *See United States v. Taylor*, 627 F.3d 1012, 1018-19 (6th Cir.2010). Accordingly, Petitioner is not entitled to § 2255 relief on this basis.

**4.     Sentence Enhancement for Obstruction of Justice**

9

Petitioner next argues that the Court improperly imposed a two-level sentence enhancement for obstruction of justice based upon Dr. Christina Pietz's finding that Petitioner was malingering. Petitioner claims that because he was not permitted to challenge Dr. Pietz's conclusions in a competency hearing, the Court should not have applied the enhancement for obstruction of justice. Petitioner further contends that the Court improperly calculated the Guidelines range, and claims that without the obstruction of justice enhancement a guideline range of 168-210 months or 210-262 months would have been applied. Petitioner contends that he likely would have been sentenced to the low-end of that applicable range. (Docket no. 143 at 18).

The district court must impose a sentence that is reasonable. *United States v. Vonner*, 516 F.3d 382, 396 (6th Cir.2008) (the Sixth Circuit reviews sentences for procedural and substantive reasonableness). A sentence may be procedurally unreasonable if it is marked by "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory" or selecting a sentence based on clearly erroneous facts. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence may be substantively unreasonable if it is based on impermissible factors or if the length of the sentence is greater than necessary to comply with the purposes of sentencing under 18 U.S.C. § 3553. *United States v. Borho*, 485 F.3d 904, 908 (6th Cir.2007); *United States v. Vonner*, 516 F.3d at 396.

Petitioner entered into a Rule 11 plea agreement on July 7, 2009. (Docket no. 124). Worksheets attached to Petitioner's plea agreement calculated a base offense level of 34 with a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1, resulting in an adjusted offense level of 36. After a two point reduction for acceptance of responsibility, Petitioner's total offense level was 34, with a career offender history of VI. This resulted in a guideline range of 262-

10

327 months with a statutory mandatory minimum sentence of 240 months. (Docket no. 124). Petitioner signed the Rule 11 agreement, and by doing so agreed that there were no sentencing guideline disputes and that neither party could take a position concerning the applicable guideline range different from what was reflected in the attached worksheets. (Docket no. 124). The government submitted its sentencing memorandum recommending a sentence of 262 months. (Docket no. 129). In October 2009 the Court sentenced Petitioner to 262 months imprisonment. (Docket no. 132).

As discussed above, it is this Court's opinion that Petitioner entered into a knowing, voluntary, and valid plea agreement. Furthermore, as will be discussed below, Petitioner was not denied effective assistance of counsel. In the plea agreement Petitioner agreed that he had no objections to the sentencing guideline range of 262-327 months. Petitioner also did not object to the sentence guideline range during the plea hearing or file an appeal. Therefore, the Court should find that Petitioner is barred from collaterally attacking his sentence in this § 2255 motion.

Even if Petitioner is not barred from raising this claim, he still should not prevail. The transcript of the sentencing hearing reveals that the Court did not take into consideration statements that Petitioner was malingering or feigning mental illness. (Docket no. 152 at 10-11). Instead, the Court considered the mandatory minimum sentence of 240 months as its starting point, and weighed against that the seriousness of the crimes, Petitioner's lengthy past criminal history, the presence of weapons in the house, the fact that Petitioner was not being prosecuted for his weapons offense, the need for adequate deterrence and protection of the public, and the sentencing guideline range. (Docket no. 152 at 12-13). These were all reasonable and permissible factors for the Court to consider.

11

Petitioner's contention that his applicable guideline range should have been 168-210 months or 210-262 months, and that he would have been sentenced at the low end of the range, does not comport with the Court's obligation to sentence Petitioner to a minimum of 240 months. Petitioner has not shown that his sentence is procedurally or substantively unreasonable. Thus, he is not entitled to § 2255 relief.

**5.      Ineffective Assistance of Counsel**

In order to establish ineffective assistance of counsel in the context of a guilty plea, Petitioner must show that counsel's representation fell below an objective standard of reasonableness and prejudiced the plea process. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Railey v. Webb*, 540 F.3d 393, 415 (6th Cir.2008). " '[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " *Railey v. Webb*, 540 F.3d at 415-16 (quoting *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)).

Petitioner argues that he was denied effective assistance of counsel when defense counsel failed to pursue a competency hearing, failed to argue that Petitioner played a minor role in the offense, failed to object to the enhancement of his sentence for obstruction of justice, and encouraged him to plead guilty when he was innocent. The Court disagrees, finding instead that defense counsel not only effectively represented Petitioner but was instrumental in negotiating a plea agreement for 262 months when Petitioner was facing a possible sentence of life imprisonment.

As previously discussed, after an appropriate inquiry during the plea hearing the Court concluded that Petitioner was competent to render a guilty plea. Petitioner has not established that he was entitled to a competency hearing or that counsel's failure to pursue a competency hearing

12

was constitutionally deficient.

With regard to Petitioner's claim that counsel did not argue that he played a minor role in the offenses, the record shows that defense counsel did in fact argue that Petitioner's co-defendant was the leader of the operation while Petitioner played a lesser role in the crimes charged. (Petitioner's Sentencing Memorandum at 3-4). With regard to Petitioner's claims that counsel failed to object to the enhancement of his sentence for obstruction of justice, the record shows that defense counsel raised this issue at the sentencing hearing and succeeded in having the Court acknowledge that it would not consider statements that Petitioner was faking his mental illness. (Docket no. 152 at 10). Finally, Petitioner's claims of innocence conflict with the statements he made under oath at his plea hearing that he was guilty on Counts Two and Three because he had residue of cocaine on his hands when the ATF came to his house, he was packaging 500 grams of cocaine and knew that his co-defendant was going to sell it, and he was helping distribute more than 50 grams of crack cocaine. (Docket no. 151 at 14-18).

Petitioner has not established that counsel's performance was deficient or that he would not have pleaded guilty if it had not have been for his attorney's errors. Consequently, Petitioner's claims of ineffective assistance of counsel are without merit.

**D.    Conclusion**

For the reasons stated above, Petitioner's request for relief under § 2255 should be denied. The District Judge may, in his discretion, determine whether an application for a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c).

**III.    NOTICE TO PARTIES REGARDING OBJECTIONS:**

13

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 2, 2011                    s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

14

**<u>PROOF OF SERVICE</u>**

I hereby certify that a copy of this Report and Recommendation was served upon Kevin Smith and Counsel of Record on this date.


Dated: August 3, 2011                    <u>s/ Lisa C. Bartlett    </u>
                                         Case Manager