UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 06-20676

                                             Paul D. Borman
                                             United States District Judge

v.

                                             Mona K. Majzoub
                                           United States District Judge

D-2 KEVIN SMITH,

        Petitioner.

_____/

OPINION AND ORDER (1) ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (DKT. NO. 163);
(2) DENYING PETITIONER'S OBJECTIONS TO THE REPORT AND
RECOMMENDATION (DKT. NO. 164);
(3) DENYING AS MOOT PETITIONER'S REQUEST
FOR A CONTINUANCE (DKT. NO. 158);
(4) DENYING PETITIONER'S REQUEST FOR
APPOINTMENT OF COUNSEL (DKT. NO. 159);
(5) DENYING PETITIONER'S MOTION TO VACATE SENTENCE (DKT. NO. 143);
AND (5) DENYING A CERTIFICATE OF APPEALABILITY

This matter is before the Court on Petitioner's Objections to Magistrate Judge's Report and

Recommendation. (Dkt. No. 164.) For the reasons that follow, the Court ADOPTS Magistrate

Judge Majzoub's August 3, 2011 Report and Recommendation (Dkt. No. 163), DENIES Petitioner's

Objections to the Report and Recommendation (Dkt. No. 164), DENIES as MOOT Petitioner's

motion for a continuance (Dkt. No. 158), DENIES Petitioner's request for appointment of counsel

(Dkt. No. 159), DENIES Petitioner's motion to vacate sentence (Dkt. No. 143) and DENIES a

certificate of appealability.

1

## I.   BACKGROUND

On December 6, 2006, federal agents, acting pursuant to a federal search warrant, entered a house in Detroit and found Petitioner Smith in the kitchen of the home where he was weighing powder cocaine.  As agents entered the room, Smith raised his hands, which were covered with cocaine.  Approximately 38 grams of crack cocaine and approximately 434 grams of powder cocaine, along with a scale, narcotics packaging and other narcotics paraphernalia were recovered from the house, which was owned by Smith's co-defendant, Richardson.  Agents also recovered 244 grams of crack cocaine, approximately 248 grams of powder cocaine, a loaded firearm and additional narcotics packaging and paraphernalia from a duffel bag that Richardson was seen placing in the trunk of a car just before agents entered the home.  Richardson and Smith were both indicted on the same four counts: Count I - felon in possession of a firearm; Count II - possession of more than 50 grams of crack cocaine with intent to distribute; Count III - possession of more than 500 grams of cocaine with intent to distribute; and Count IV - possession of a firearm in furtherance of a drug trafficking crime.

Smith's criminal history included the gang rape of a woman at gunpoint in the Cass Corridor, armed robbery, CCW, dealing cocaine and numerous parole and probation violations.  On July 19, 2007, the United States notified Smith that upon conviction on Counts Two and Three, his sentence would be enhanced to a mandatory life sentence.  Smith initially expressed an interest in cooperating with the government but declined the government's plea offer of 20 years.  Smith's defense counsel expressed concern about Smith's competency to stand trial and moved for a mental health evaluation based on the opinion of Dr. William Nixon, who opined that Smith needed mental health treatment and medication to be made competent.  In January, 2008 this Court granted the motion and sent

2

Smith to a federal detention center for evaluation and treatment.  In October, 2008, this Court extended Smith's commitment for evaluation based on the June 23, 2008 report of Dr. Christina Pietz, who expressed the opinion at that time that while Mr. Smith had made improvements since his initial commitment, he was not yet competent to stand trial.

Ultimately, on February 9, 2009, Dr. Pietz issued a second report expressing her opinion that Smith had been feigning mental illness and malingering and was competent.  She based her opinion in part on her review of a video of Smith's post-arrest debriefing with ATF agents, letters that Smith wrote to his case agent and prosecutors and listening to Smith's recorded telephone calls with friends and family.  After receiving Dr. Pietz's February 9, 2009 report, this Court set the matter for a competency hearing on March 18, 2009.  Petitioner twice moved the Court to adjourn the competency hearing to give them more time to review Dr. Pietz's report and the materials she relied on with Petitioner's expert, Dr. Nixon, who had made the initial determination in January, 2008, that Petitioner needed psychiatric evaluation and treatment.  After reviewing Dr. Pietz's report and supporting materials, Petitioner did not pursue a competency hearing and in fact filed a motion to adjourn the trial on June 23, 2009, that did not refer to or mention the issue of Petitioner's competence.  The motion to adjourn the trial indicated that the parties were negotiating a plea agreement and noted that, if the plea negotiations were unsuccessful, Petitioner would need significant time to prepare for trial, including time to file motions *in limine* and locate witnesses. The motion to adjourn the trial did not indicate Petitioner's intention to pursue further the issue of competency.

On July 7, 2009, Smith pled guilty to Counts Two and Three pursuant to a Rule 11 Plea Agreement.  The United States agreed to reduce the number of section 851 enhancements such that

the mandatory minimum sentence on the crack cocaine charge was 20 years instead of life.  The United States also agreed to dismiss the firearms charge, eliminating the mandatory 5-year consecutive sentence under 18 U.S.C. § 924(c).

At the plea hearing, this Court questioned the Petitioner concerning his competency, inquiring regarding the Petitioner's age, education and medications, to which Petitioner responded accurately and appropriately in each instance.  The Court also inquired whether Petitioner knew where he was and whether Petitioner knew his attorney, to which the Petitioner responded in the affirmative as to both questions.  The Court expressly found that Petitioner was competent to enter his plea and was reminded by the prosecutor that there had been a medical finding that Petitioner was competent to stand trial.  Petitioner also confirmed on the record that he had discussed his case with his attorney and was satisfied with his attorney's advice.  The Petitioner also indicated his understanding of the consequences of entering his guilty plea, of the rights that he was giving up by doing so, and his desire to proceed with his plea notwithstanding his surrender of these rights.  The Petitioner authenticated his signature on the plea agreement and indicated, after conferring with his attorney, that he understood the maximum and minimum penalties and fines associated with his plea. The Petitioner also testified on direct questioning by the Court that he was giving his plea freely and voluntarily and admitted that he was guilty of helping someone to distribute crack cocaine, which he knew to be an illegal drug, and that when the federal agents came to his home, he had cocaine residue on his hands.  No mention was made at the plea hearing, by Petitioner or his counsel, regarding Petitioner's competence to enter his plea of guilty.

This Court held a sentencing hearing on October 2, 2009.  In response to questioning by the Court, both the Petitioner and his counsel indicated separately that they had reviewed the Presentence

Report together and that neither of them had any corrections or additions to make to the Report. Petitioner's counsel sought the mandatory minimum of 240 months (the guideline range was 262 months to 327 months). Although the prosecutor raised the issue of Dr. Pietz's report suggesting that Petitioner had been feigning mental illness, the Court expressly stated on the record that it was not taking that factor into account in sentencing the Petitioner. The Court considered the 18 U.S.C. § 3553 factors, focusing on Petitioner's serious criminal history, and imposed a sentence of 262 months.

## II.   STANDARD OF REVIEW

The Court reviews *de novo* those portions of the Report and Recommendation to which a specific objection has been filed. *See* 28 U.S.C. § 636(b)(1). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).

## III.   ANALYSIS

Petitioner makes four specific objections to the Magistrate Judge's Report and Recommendation. Petitioner objects to the Magistrate Judge's conclusions that: (1) Petitioner was not entitled to a competency hearing; (2) Petitioner's plea was knowing, intelligent and voluntary; (3) the Court properly assessed a two point enhancement for obstruction of justice; and (4) Petitioner failed to establish that his counsel was ineffective.

A.    **Petitioner Has Not Demonstrated That he Was Entitled to a Competency Hearing**

Petitioner's claim that the trial court failed to hold a competency hearing raises issues of procedural due process. "To prevail on [a] procedural [competency] claim, a petitioner must establish that the . . . trial judge ignored facts which raised a "bona fide doubt" regarding petitioner's competency to stand trial." *Hastings v. Yukins*, 194 F. Supp. 2d 659, 670 (E.D. Mich. 2002). Petitioner also suggests in his objections that he is asserting a substantive due process challenge to the trial court's acceptance of his plea when in fact, Petitioner claims, he was mentally incompetent. "To succeed in stating a substantive incompetency claim, a petitioner must present evidence that creates a real, substantial, and legitimate doubt as to his or her competency . . . ." *Id.* at 671 (internal quotation marks and citation omitted). The test for determining whether a defendant is competent to enter a plea is whether he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as factual understanding of the proceedings against him." *Williams v. Bordenkircher*, 696 F.2d 464, 466 (6th Cir. 1983) (internal quotation marks and citation omitted).

The Court agrees with the Magistrate Judge that Petitioner has failed to demonstrate that the Court ignored facts which raise a "bona fide doubt" as to his competency to enter a plea and has failed to provide evidence creating a "real, substantial and legitimate doubt" as to his competency to enter a plea. First, it was the Petitioner, not the Court, who took the competency issue out of play. Following his return from a year of medical evaluation and treatment of his competency to stand trial, Petitioner requested and received from the Court two adjournments of a scheduled competency hearing to permit Petitioner and his expert additional time to review the opinion of Dr. Pietz that

Petitioner was competent to stand trial.  Counsel and Dr. Nixon reviewed the evidence on which Dr. Pietz relied, which suggested that Petitioner was functioning at a higher level than he portrayed to his treating doctors.  Following the second adjournment of the competency hearing, Petitioner dropped the competency issue and entered into plea negotiations with the government.  Petitioner never again raised the issue of his competency, either at the plea hearing or at the sentencing hearing. The transcript of the plea hearing reveals that the Petitioner was able to answer multiple questions posed by the Court indicating that he had a rational understanding of his rights and of the consequences of his plea and also that he had the ability to, and indeed did, consult with his lawyer. The Court expressly questioned the Petitioner as to his competence to enter his plea and concluded, after questioning, that he was competent.  There was absolutely no basis for the Court to disregard the Petitioner's decision to forego a competency hearing and to *sua sponte* order a competency hearing despite Petitioner's decision to proceed with a plea.  The Court agrees with the Magistrate Judge's conclusion that Petitioner is not entitled to relief on his competency claim.

## B.      Petitioner's Plea Was Knowing, Intelligent and Voluntary

"A plea may be involuntary if the defendant does not understand the nature of the constitutional rights he is waiving, or unintelligent if the defendant does not understand the charge against him." *United States v. Johnson*, 22 F.3d 674, 682 (6th Cir. 1994) (internal quotation marks and citation omitted).  As noted above, Petitioner demonstrated at the plea hearing that he understood the nature of the charges against him, the penalties and fines associated with the crimes for which he was being charged and the constitutional rights that he was waiving in entering into his plea.  The Court inquired into the medications that Petitioner was taking and observed no indication that those medications were interfering in any way with Petitioner's awareness of the proceedings or ability to

understand and respond to the Court's inquiries. Petitioner accurately described exactly what occurred at the house the evening he was arrested, explained that he was packaging cocaine, which he knew to be an illegal drug, and admitted that he had cocaine residue on his hands. In fact, by negotiating a plea agreement with the government, Petitioner was able to avoid a potential life sentence and to face instead a statutory minimum of 20 years (240 months) in prison. The Court agrees with the Magistrate Judge that Petitioner's plea was knowing, voluntary and intelligent.

**C.      The Court Properly Allowed the Two Point Enhancement for Obstruction of Justice**

A sentence may be procedurally unreasonable if, among other things, it fails to properly calculate the Guidelines range or is based on clearly erroneous facts, *Gall v. United States*, 552 U.S. 38, 51 (2007), and substantively unreasonable if, among other things, it is based on impermissible factors or fails to consider the pertinent factors under 18 U.S.C. § 3553, *United States v. Borho*, 485 F.3d 904, 908 (6th Cir. 2007). The Court agrees with the Magistrate Judge that the sentence imposed in Petitioner's case was both procedurally and substantively reasonable.

Petitioner objects to the two point enhancement for obstruction of justice, which was included in the Rule 11 agreement and the Presentence report, based upon Dr. Pietz's conclusion that Petitioner was malingering. Petitioner disputes Dr. Pietz's opinion that he was feigning mental illness but Petitioner never challenged the inclusion of this enhancement in the Rule 11 agreement. The worksheets attached to the Rule 11 agreement calculated a base offense level of 34 with a two point enhancement for obstruction of justice resulting in a base offense level of 36. Petitioner received a two point reduction for acceptance of responsibility resulting in a total offense level of 34.

Because Petitioner's criminal history established him as a career offender, under Sentencing Guideline § 4B1.1, his criminal history category became VI.  With a career offender history of VI, this resulted in a guideline range of 262-327 months with a statutory minimum of 240 months. Without the two point adjustment, at a total offense level of 32, with a career offender history of VI, the guideline range would have been 210-262 months, with the same statutory minimum of 240 months.

The Court disagrees with Petitioner's objections on this issue.  First, this adjustment was included in both the Rule 11 agreement and the Presentence Report to which, upon direct questioning by the Court at the sentencing hearing, Petitioner made no objections, corrections or additions. At no time during the plea hearing or the sentencing hearing did Petitioner ever object to the two point enhancement for obstruction of justice.  Second, Petitioner faced a statutory mandatory minimum of 240 months and thus his assertion that he may have received a sentence in the range of 168-210 is erroneous.   Third, based on the worksheets attached to the July 7, 2009 Rule 11 agreement, even without the two point adjustment, which would have resulted in a total offense level of 32, with a criminal history/career offender history of VI, the 262 month sentence would still have been within the guideline range (210-262) and presumptively reasonable.  Fourth, in the October 1, 2009 Revised Presentence Report, the offense level became 37, pursuant to U.S.S.G. § 4B1.1(b)(A). The Revised Presentence Report assigned a three point adjustment for acceptance of responsibility, resulting in a total offense level of 34.  Thus, the calculation of the total offense level of 34 in the final Presentence Report did not rely on the two point enhancement for obstruction of justice. Finally, the Court made it clear at the sentencing hearing that, in weighing the § 3553 factors, the Court was not taking into consideration the contention that Petitioner had been malingering.  The

Court instead considered Petitioner's serious criminal history, the presence of firearms, the factors of respect for the law and deterrence, in arriving at the sentence of 262 months. The Court agrees with the Magistrate Judge that Petitioner's sentence was procedurally and substantively reasonable.

### D.     Petitioner's Counsel Advocated Effectively and Achieved A Good Result

To establish his claim of ineffective assistance of counsel in connection with his guilty plea, Petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness, prejudicing the plea process such that, in all reasonable probability, Petitioner would not have pleaded guilty but would have insisted on proceeding to trial. *Railey v. Webb*, 540 F.3d 393, 415-16 (6th Cir. 2008) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)). Petitioner insists in his objections that his counsel was ineffective for failing to request a competency hearing and for negotiating the two point enhancement for obstruction of justice in the plea agreement. The Court disagrees and adopts the Magistrate Judge's conclusion that Petitioner has not made a showing of ineffectiveness of counsel in the instant case.

First, Petitioner's counsel requested two adjournments of the scheduled competency hearing to give Petitioner's expert, Dr. Nixon, the psychiatrist who had first determined that Petitioner needed psychiatric evaluation and treatment, additional time to review Dr. Pietz's report and conclusion that Petitioner was competent. Counsel and Dr. Nixon reviewed the evidence on which Dr. Pietz relied, which suggested that Petitioner was functioning at a higher level than he portrayed to his treating doctors. Counsel's tactical choice to forego a competency hearing and a trial and to enter into plea negotiations with the government, which saved Petitioner from facing a possible sentence of life imprisonment, was not objectively unreasonable.

Second, with regard to the two point enhancement for obstruction of justice, it was not, as

Petitioner's suggests in his objections, objectively unreasonable for counsel to have negotiated the adjustment as part of the plea deal and then to argue at sentencing that the Court should not give additional weight to the malingering charge in his consideration of the § 3553 factors. In fact, at counsel's suggestion, the Court did not further consider the claim that Petitioner was feigning his mental illness when the Court evaluated those factors. Acceptance of the two point adjustment for obstruction may well have been an important factor in the government's decision to negotiate a plea agreement that removed the possibility of a life sentence.

Significantly, Petitioner was found competent by Dr. Pietz and was adjudged by the Court, after questioning, competent to enter his plea. Also, Petitioner was well aware of the two point adjustment for obstruction, which appeared in both the Presentence report and the Rule 11 agreement, and never voiced an objection to the Court when specifically asked for additions or corrections to the sentencing calculations. Moreover, counsel was successful in urging the Court not to further consider the malingering findings when considering the section 3553 factors. Petitioner has not demonstrated that there is a reasonable probability that had counsel pursued a competency hearing and had he refused to accept the two point obstruction enhancement as part of the plea deal, Petitioner would not have pleaded guilty and would have proceeded to trial.

IV.   **CONCLUSION**[1]

Petitioner has not established that he was entitled to a competency hearing, that his plea was not knowing and voluntary, that his sentence was procedurally or substantively unreasonable and has

---

[1] Given the Court's disposition of Petitioner's motion to vacate sentence, the Court denies as moot Petitioner's Motion for Continuance (Dkt. No. 158). The Court also denies Petitioner's Motion for Appointment of Counsel (Dkt. No. 159). *See Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (holding that the Sixth Amendment right to counsel does not apply to collateral attacks).

not demonstrated that his counsel was ineffective. Accordingly, the Court DENIES Petitioner's

Objections to the Magistrate Judge's Report and Recommendation (Dkt. No. 164), ADOPTS the

Report and Recommendation (Dkt. No. 163) and DENIES Petitioner's Motion to Vacate Sentence

(Dkt. No. 143). The Court further DENIES a certificate of appealability because Petitioner has failed

to make a substantial showing of the denial of a constitutional right as to his habeas claims and

reasonable jurists could not debate the correctness of the Court's procedural rulings. *See Slack v.*

*McDaniel*, 529 U.S. 473, 484-85 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

IT IS SO ORDERED.

_____
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 12-12-11